IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN AXELROD, conservator of the Estate
of ALAN AXELROD, an incapacitated person,

      Plaintiff,

vs.                                                          Civ. No. 98-503 M/WWD

AFTRA HEALTH FUND, and WEST AMERICA
INSURANCE COMPANY, as insurer for
Robert William Heck,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant AFTRA Health Fund's Motion to Compel Responses to Request for Production of Documents [docket no. 21] filed November 12, 1998. As a result of a one car accident, Plaintiff's conservator brought suit against Robert William Heck, the car's driver, for negligence and against General Motors and National Car Rentals on the basis of a products liability claim. Heck's insurer agreed to settle the claims against Heck for approximately $300,000.00. The AFTRA Health Fund is an employee benefit plan which has paid medical expenses on behalf of Plaintiff Axelrod in excess of $300,000.00, and AFTRA continues to pay such medical expenses. AFTRA has a subrogation right which requires their reimbursement out of any and all third party recovery. Axelrod seeks to set off $110,000.00 in attorney fees and gross receipts taxes based on a contingency fee agreement between Plaintiff and his counsel, and $92,137.00 in costs and expenses. AFTRA seeks to discover the time records, billing statements and expense records of Plaintiff's attorney in order to see what portion of the fees, costs, and expenses Plaintiff should be allowed to offset against the subrogation claim.

Plaintiff raises various objections to producing the materials sought, including an allegation that the Defendant is attempting to "usurp" the contingent fee agreement between Plaintiff and his attorneys.

### *The Contingent Fee Agreement*

The attorney fees agreed to in the contingent fee agreement may be offset providing that the agreement is upheld by the Court. Accordingly, I will require the contingent fee agreement to be submitted directly to me for an *in camera* inspection. After the inspection, I will determine whether a copy should be submitted to Defendant and what recommendation, if any, should be made to the assigned District Judge concerning the fee agreement.

### *Costs and Expenses*

Plaintiff shall submit directly to the undersigned for an *in camera* inspection an itemized list of all costs and expenses incurred on behalf of Plaintiff in the prosecution of this lawsuit. After the inspection, I will determine whether a copy should be submitted to Defendant. Each item shall be numbered, and an asterisk shall be placed beside all numbers which are attributable to the claim against Robert William Heck. A short explanation should accompany each item when necessary to explain why the item is attributable to the Plaintiff's claim against Heck.

The submissions required above from the Plaintiff with respect to the contingent fee agreement and the costs and expenses shall be made on or before December 18, 1998.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE