IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN AXELROD, conservator of the Estate
of ALAN AXELROD, an incapacitated person,

    Plaintiff,

vs.	Civ. No. 98-503 M/WWD

AFTRA HEALTH FUND, and WEST AMERICA
INSURANCE COMPANY, as insurer for
Robert William Heck,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On December 4, 1998, I entered a Memorandum Opinion and Order which *inter alia* directed Plaintiff's counsel to submit directly to me for an *in camera* inspection an itemized list of <u>all</u> costs and expenses incurred on behalf of Plaintiff in the prosecution of this lawsuit, and a copy of the fee agreement between Plaintiff and Plaintiff's counsel. I have now had the opportunity to consider the submissions *in camera*.

**Background.**

After Plaintiff, an automobile passenger in a one car accident, was injured; Plaintiff's conservator made claims against Robert William Heck, the car's driver, for negligence, and against General Motors and National Car Rentals on products liability claims. Heck's insurer agreed to settle the claims against Heck for approximately $300,000.00. The AFTRA Health Fund (AFTRA) is an employee benefit plan which has paid medical expenses on behalf of Plaintiff Axelrod in excess of $300,000.00, and AFTRA continues to pay such medical expenses. AFTRA has a subrogation right which requires their reimbursement out of any and all third party recovery. Axelrod seeks to set off against the subrogation claim $110,000.00 in attorney fees and gross receipts taxes based on a contingency fee agreement between Plaintiff and his counsel, as well as certain costs and expenses.

**Discussion.**

In its Motion to Compel, AFTRA sought production of the time records, billing statements and expense records of Plaintiff's attorney in order to see what portion of the fees, costs, and expenses Plaintiff should be allowed to offset against the subrogation claim. By requiring Plaintiff to submit to me a copy of the fee agreement with counsel and an itemized list of <u>all</u> costs and expenses incurred on behalf of Plaintiff in the prosecution of this lawsuit, I was able to determine (1) that the fee agreement was a "contingent fee" agreement wherein time records are not normally kept; and (2) that Plaintiff was able to advance a rationale for the apportionment of costs and expenses. Since the materials[1] produced to me are among the very materials upon which I would expect this action to be decided, it seems reasonable to me that AFTRA should have access to the material. I find no privilege to bar such production. Accordingly, I will grant Defendant's motion to compel [docket #21] in part and I direct Plaintiff to serve on Defendant on or before December 23, 1998, copies of the materials delivered to me. Neither AFTRA nor any entity acting at its direction or on its behalf shall disclose the contents of the fee agreement(s) or the itemized list of expenses directly or indirectly to General Motors Corporation or to National Car Rentals.

This cause shall proceed in accordance with the foregoing.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The cover letter is not included in the required production.